HEEKIN, JR., ADMR., APPELLANT, *v.* PALMER, ADMX., APPELLEE.

(No. 8039—Decided October 17, 1955.)

*Messrs. Kyte, Conlan, Heekin & Wulsin,* for appellant.
*Messrs. Weinberger & Grad* and *Mr. L. W. Scott,* for appellee.

Ross, P. J. This is an appeal from a judgment of the Court of Common Pleas of Hamilton County, in which the court overruled a motion to revive the action and substitute executors.

On the day Albert E. Heekin died, an action was filed for him in the Court of Common Pleas of Hamilton County, seeking a money judgment against the defendant, as administratrix of the estate of John P. DeCamp. We are not here concerned with the merits of this action.

In a companion appeal (No. 8041), this court affirmed the action of the trial court in that action in permitting revivor and in substituting the duly appointed and qualified executors as parties plaintiff.

The instant action was initiated by a special administrator appointed by the Probate Court. In such action, an identical cause of action is stated and the same relief sought as in the action in which revivor was permitted.

This appeal (No. 8039) is predicated upon the claim of *the plaintiff, special administrator,* that the trial court committed error in refusing the application of the duly constituted executors of Albert E. Heekin, deceased, for revivor and substitution of them as parties plaintiff.

Reference to the motion shows that it was signed by attorneys for the *plaintiff, who is the special administrator,* but, upon reading the motion it becomes apparent that it is an application of the *executors* for revivor and substitution. We quote the terms of the motion.

"Now comes The Central Trust Company of Cincinnati, Ohio, and Albert E. Heekin, Jr., and represent to the court that since the commencement of this action they were appointed executors of the will and Albert E. Heekin on the 23rd day of March, 1955, and that by virtue of Section 2113.16, Revised Code, the powers of Albert E. Heekin, Jr., special administrator, plaintiff herein, ceased upon the appointment of said executors, that they are required to prosecute the within suit as successors to Albert E. Heekin, Jr., special administrator, and that the

right of action survives when the powers of such special administrator cease and ought to be determined between the said executors and the defendant herein and move the court to revive this action in the name of said executors so that the action may proceed to final determination.

    "Kyte, Conlan, Heekin & Wulsin,

    "(Signed) Kyte, Conlon, Heekin & Wulsin,

    "Attorneys for plaintiff."

A favorable consideration of the motion requires the conclusion that it is a joint motion of the executors and the special administrator. There is nothing in the record to affirmatively rebut this construction.

The trial court overruled the motion, and from this action the plaintiff, *special administrator, appealed.*

Under Section 2113.15, Revised Code, provision is made for the appointment of a special administrator. It is also provided therein that he "may begin and maintain suits as administrator."

In Section 2113.16, Revised Code, it is provided that upon the *granting* of letters testamentary, the power of a special administrator, appointed under the provisions of Section 2113.15, Revised Code, "shall cease." It is provided further that "the executor or administrator may be admitted to prosecute any suit begun by the special administrator, as an administrator *de bonis non* is authorized to prosecute a suit commenced by a former executor or administrator." If the special administrator refuses to step aside, he may be compelled by the Probate Court to do so by citation and attachment.

It is apparent that the plaintiff, special administrator, is legally without any further power of any kind. To all intents and purposes, he ceases to exist, just as much as if he were deceased or resigned. The action in effect now has no plaintiff.

It is apparent also from what has been said that the special administrator not only does not object to the revivor and substitution, but has made the refusal of the trial court to grant the request therefor the basis for his appeal. It is perfectly clear also that under the terms of Section 2113.16, Revised Code, the trial court was required by law to grant the revivor and substitution, and it was in error in not granting the same.

The technical inaccuracies and apparent confusion noted may not be permitted to interfere with the right of the executors under the statute to be substituted in the action.

The trial court should have granted the wishes of both the executors and the special administrator for revivor and substitution, and we must hold that it committed error prejudicial to the right of the appellant, special administrator, to be relieved of the further prosecution of the suit, and also to the rights of the executors for revivor and substitution, although the latter are only appellants by representation.

The judgment is reversed.

This court, at this time, is not concerned with what action may be taken in the trial court involving the existence of identical suits.

*Judgment reversed.*

HILDEBRANT, J., concurs.
MATTHEWS, J., concurs in the judgment.